IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CECILLE Q. PAED, et al.,

   Plaintiffs,

   v.

WELLS FARGO BANK, N.A.,

   Defendant.

No. C 15-01980 JSW

**ORDER REGARDING MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The Court finds this motion is suitable for disposition without oral argument, and therefore VACATES the hearing scheduled for July 10, 2015. *See* Civil L.R. 7-1(b). The Court has considered the parties' papers and relevant legal authority, and hereby grants in part and reserves ruling in part on Wells Fargo's motion to dismiss.

## BACKGROUND

Plaintiff Cecille Q. Paed alleges that she purchased her home, located at 106 Buxton Avenue, South San Francisco, California, 94080 (the "Property") on December 9, 1995. On June 14, 2006, Cecille Paed refinanced the mortgage on the property with a loan through World Savings Bank. (Well's Fargo's Request for Judicial Notice ("RJN"), Ex. A.)[1]

---

[1] Generally, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Chase attaches copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed R. Evid. 201(b). In addition, Plaintiff has not objected to the request.

In January 2008, World Savings changed its name to Wachovia Mortgage, FSB. Wachovia subsequently changed its name to Wells Fargo Bank Southwest, N.A., and, in November 2009, merged into Wells Fargo Bank, N.A. (RJN, Exs. B-E.)

On July 31, 2009, Cal-Western Reconveyance Corporation recorded a notice of default, which it then rescinded. (RJN, Exs. F, G.) Cal-Western recorded another notice of default on August 21, 2009, which was also rescinded. (RJN, Exs. H, I.) Cal-Western then recorded a third notice of default on May 21, 2010. (RJN, Ex. J.) On April 3, 2012 and May 13, 2014, Cal-Western recorded notices of trustee's sales. (RJN, Exs. K, L.)

Cecille Paed has recorded a number of grant deeds purporting to transfer interests in the Property to her brother plaintiff Genaro Paed, and then to "CPQ Buxton Trust created under/by Shon-te-east-a, Walks with Spirit, Corporation," Scott Dion, Teresa Weddle, Gary Silverman, and Corazon Paed. (RJN, Exs. M-R.)

In this action, Cecille and Genaro Paed (collectively referred to as "Plaintiffs") assert the following claims: (1) violation of California Civil Code section 2923.55 or section 2923.5;[2] (2) negligence; (3) breach of covenant of good faith and fair dealing; and (4) violation of California's unfair business law ("UCL"), California Business and Professions Code section 17200.

The Court will address any additional specific facts as required in its analysis.

## ANALYSIS

**A.  Legal Standard on Motion to Dismiss.**

Wells Fargo moves to dismiss the complaint for failure to state a claim. A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited to the

---

Accordingly, the Court GRANTS the request for judicial notice.

Plaintiff alleges that he purchased the home in June 2003. (Compl. ¶ 15.) However, this allegation contradicts the deed of trust of which the Court takes judicial notice. "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

[2] The heading for the claim states section 2923.55, but section 2923.5 is the statute that is cited throughout the allegations of the claim.

2

allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.   Wells Fargo's Motion to Dismiss.**

   **1.   California Civil Code § 2923.5.**

Wells Fargo argues that Plaintiffs cannot state a claim under this statutory provision. The applicable notice of default was recorded on May 21, 2010. (RJN, Ex. J.) At that time, Section 2923.5 stated, in pertinent part, that it applied to "mortgages or deeds of trust recorded from January 1, 2003, to December 31, 2007, inclusive." *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250, 1282 (2012) (quoting Cal. Civ. Code, § 2923.5, subd. (i).) The deed of trust at issue was recorded on June 14, 2006. (RJN, Ex. A.) Wells Fargo contends that the declaration attached to the notice of default establishes that it complied with the law by attempting to contact Plaintiffs. In support of its position, Wells Fargo cites to several cases from the Central District of California in which the court dismissed claims as conclusory and contradicting documents of which the court took judicial notice. However, the Court may take judicial notice only of the existence of documents, not of the truth of facts cited within the

3

documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Here, Plaintiffs allege that they were not contacted, even though they were available and resided at the Property. (Compl., ¶ 30.) Such allegations are sufficient to state a claim. The declaration creates a question of fact regarding compliance with the statute, which is a dispute that the Court cannot resolve on a motion to dismiss.

Nevertheless, the Court notes that this claim appears to be time-barred.[3] Under California law, the time to bring "an action upon a liability created by statute" is three years. *See* Cal. Civ. Proc. Code § 338(a). The alleged violation here occurred no later than May 2010, when the third notice of default was recorded. (RJN, Ex. J.) Plaintiffs did not file this action until March 16, 2015, almost five years later. However, the Court will not dismiss this claim on this basis until Plaintiffs have had an opportunity to address this issue. The Court HEREBY ORDERS Plaintiffs' to show cause ("OSC") why their claim for violation of section 2923.5 should not be dismissed as time-barred. The Court will reserve ruling on the motion to dismiss on this claim, pending Plaintiffs' response to the OSC.

### 2. California Civil Code § 2923.55.

Wells Fargo also moves to dismiss Plaintiffs' claim for violation of California Civil Code § 2923.55 on the grounds that this provision did not go into effect until January 1, 2013 as part of California's Homeowner Bill of Rights ("HBOR"), and is not retroactive. "California courts comply with the legal principle that unless there is an express retroactivity provision, a statute will *not* be applied retroactively unless it is *very clear* from extrinsic sources that the Legislature . . . must have intended a retroactive application." *Myers v. Philip Morris Co., Inc.*, 28 Cal. 4th 828, 841 (2002) (internal quotation marks and citation omitted) (emphasis in original). There is no express retroactivity provision in the HBOR. Plaintiffs fail to cite to any portion of the legislative history that suggests that the California Legislature intended the HBOR to be applied retroactively. Other courts examining this issue have concluded that the HBOR may not be applied retroactively. *See*, *e.g.*, *Rockridge Trust v. Wells Fargo, N.A.,* 985 F.

---

[3] The Court may raise this issue *sua sponte*, so long as Wells Fargo has not waived this affirmative defense and Plaintiffs are given an opportunity to respond. *See Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 686-87 (9th Cir. 1993).

4

1  Supp. 2d 1110, 1152 (N.D. Cal. 2013); *Nugent v. Federal Home Loan Corp.*, 2014 WL
2  4960902, *4 n. 8 (E.D. Cal. Oct. 1, 2014) (HBOR "is not retroactive and thus does not apply to
3  documents executed prior to January 1, 2013."); *Tavares v. Nationstar Mortg. LLC*, 2014 WL
4  3502851, *7 (S.D. Cal. July 14, 2014); *Pruitt v. U.S. Bank, N.A.*, 2013 WL 6798999, * 3 (E.D.
5  Cal. Dec. 20, 2013). Accordingly, Plaintiffs have not, and cannot, state a claim under
6  California Civil Code section 2923.55. Therefore, to the extent Plaintiffs bring a claim under
7  section 2923.55, the Court dismisses this claim without leave to amend.

**3.  Negligence.**

Plaintiffs allege that "[w]hile Defendants owe no duty to offer Plaintiffs foreclosure avoidance options, they do owe Plaintiffs a duty to use reasonable care in contacting Plaintiffs to assess their financial situations and to explore foreclosure alternatives prior to recording the [notice of default] and [notice of trustee's sale]. Defendants also owe Plaintiffs compliance with California's nonjudicial foreclosure laws to avoid causing harm to Plaintiffs." (Compl., ¶ 64.)

To state a cause of action for negligence, a plaintiff must allege: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establish a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). The "question of the existence of a legal duty of care . . . presents a question of law which is to be determined by the courts alone." *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000).

Under California law, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096. "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Id.* (Internal citation omitted). However, "*Nymark* does not support the sweeping conclusion that a lender never

owes a duty of care to a borrower." *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 901 (2013) (internal quotations omitted). In order to determine whether an exception to the general rule applies, courts should balance the following six factors: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *Nymark*, 231 Cal. App. 3d at 1098 (citing *Biakanja v. Irving*, 49 Cal. 2d 647, 649-50 (1958)).

As one of this Court's colleagues recently noted, "whether a lender owes a duty of care to a borrower in the loan modification context is relatively unsettled[.]" *Maomanivong v. National City Mortgage, Co.*, 2014 WL 4623873, at *3 (N.D. Cal. Sept. 15, 2014). In cases where courts have found the facts sufficient to show a lender owed a borrower a duty of care, the borrowers have alleged that the lender or servicer mishandled a loan modification application. For example, in *Alvarez v. BAC Home Loans Servicing*, the plaintiffs alleged that defendants relied on incorrect information to deny plaintiffs' applications for a loan modification. 228 Cal. App. 4th 941, 945 (2014). Similarly, in *Rijhwani v. Wells Fargo Home Mortgage, Inc.*, the plaintiffs alleged that: (1) their SPOC never submitted their application to defendants; and (2) defendant "tricked them into defaulting on the second loan so that [defendant] could string them along with respect to the loan modification on the first loan so it could foreclose under the second loan." 2014 WL 890016, at *17 (N.D Cal. Mar. 3, 2014). In both cases, the plaintiffs' claims were premised on the theory that because the defendants mishandled the documents, they deprived the plaintiffs of the possibility of obtaining a loan modification application, and their homes were sold.

However, here, Plaintiffs have not alleged that they even applied for a loan modification. Instead, they allege that Wells Fargo was negligent in recording the notices of default without exercising reasonable care in contacting Plaintiffs. Plaintiffs have not cited, and the Court has not found, any cases imposing a duty of care upon the lender in such circumstances. Applying the factors set forth in *Biakanja*, the Court finds that Wells Fargo did

6

not owe a duty of care with respect to contacting Plaintiffs before recording a notice of default. Notably, although Plaintiffs may lose their primary residence, such harm would be caused by their default and their failure to cure this default over the past five years, not Wells Fargo's alleged failure to contact them before recording the notice of default in 2010.

Plaintiffs' negligence claim fails for an additional reason as well. They fail to allege a breach that proximately caused any damages or injuries. Therefore, the Court grants Wells Fargo's motion to dismiss Plaintiffs' negligence claim.

### 4.     Implied Covenant of Good Faith and Fair Dealing.

Wells Fargo also moves to dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. "[U]nder California law, all contracts have an implied covenant of good faith and fair dealing." *In re Vylene Enterprises, Inc.*, 90 F.3d 1472, 1477 (9th Cir. 1996) (*citing Harm v. Frasher*, 181 Cal. App. 2d 405, 417 (1960)). The covenant "exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Guz v. Bechtel Nat. Inc.,* 24 Cal. 4th 317, 349 (2000). However, the covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Id*. Thus, to the extent a plaintiff seek to impose limits "beyond those to which the parties actually agreed, the [implied covenant] claim is invalid. To the extent the implied covenant claim seeks simply to invoke terms to which the parties *did* agree, it is superfluous." *Id*. at 352 (emphasis in original); *see also Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1395 (1990) (holding that if the allegations supporting a claim for breach of the implied covenant of good faith and fair dealing "do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated."). "The central teaching of *Guz* is that in most cases, a claim for breach of the implied covenant can add nothing to a claim for breach of contract." *Lamke v. Sunstate Equipement Co., LLC.*, 387 F. Supp. 2d 1044, 1047 (N.D. Cal. 2004). Nevertheless, a

7

plaintiff may bring implied covenant claim where the plaintiff alleges that the defendant acted in bad faith to frustrate the contract's benefits. *See Guz,* 24 Cal. 4th at 353 n.18.

Here, Plaintiffs allege that Wells Fargo breached the deed of trust by failing to provide notice before recording the notice of default. However, the deed of trust does not require prior notice. Therefore, Plaintiff is seeking to impose substantive beyond those incorporated in the specific terms of their agreement. *Guz,* 24 Cal. 4th at 349. Accordingly, the Court grants the motion to dismiss as to this claim.

### 5. California Business and Professions Code § 17200.

Plaintiffs' UCL claim is premised upon her asserted violation of Section 2923.5 and negligence. However, the Court has found that she has not stated a claim for negligence and that her claim under Section 2923.5 is likely time-barred. The Court will reserve ruling on this claim until after Plaintiffs have responded to the OSC.

### 6. Failure to Join Other Parties.

Wells Fargo also moves to dismiss on the grounds that Plaintiffs failed to join necessary and indispensable parties. According to Wells Fago, Plaintiffs were required to join "CPQ Buxton Trust created under/by Shon-te-east-a, Walks with Spirit, Corporation," Scott Dion, Teresa Weddle, Gary Silverman, and Corazon Paed because they have an interest in the Property.

In order to determine whether dismissal is appropriate, the Court engages in "three successive inquiries." *EEOC v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) ("*Peabody Western*"). First, the district court must determine whether the absent party is a "required" party. *Id.*; *see also* Fed. R. Civ. P. 19(a). A party is "required" in two circumstances: (1) when complete relief is not possible without the absent party's presence; or (2) when the absent party claims a legally protected interest in the action such that (i) disposition of the action may "impair or impede" the person's ability to protect that interest or (ii) "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a); *Peabody Western*, 400 F.3d at 779.

8

Here, the Court notes that none of the absent parties are listed as borrowers on the deed of trust. (RJN, Ex. A.) Moreover, the scope of Plaintiffs' claim are quite narrow. They merely contend that Wells Fargo failed to contact them before recording the notice of default. Notably, Plaintiff did not even purport to transfer part of her interest in the Property to any of these absent parties until after the notice of default was recorded. (*Compare* RJN, Ex. A *with* Exs. N-R.) Wells Fargo does not demonstrate how complete relief could not be granted without the absent parties' presence or that it would be at substantial risk of incurring double or otherwise inconsistent obligations with respect to the notice of default by reason of any claimed interest in the Property by the absent parties. Accordingly, Plaintiffs' failure to join the absent parties does not provide an independent basis for dismissing Plaintiffs' claims.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and RESERVES RULING IN PART on Wells Fargo's motion to dismiss. Plaintiffs shall file a response in writing to the OSC by no later than July 17, 2015. Wells Fargo may file a response by no later than July 24, 2015. The Court RESERVES ruling on Plaintiffs' claims under California Civil Code section 2923.5 and the UCL, pending Plaintiffs' response to the OSC. The Court DISMISSES the remainder of Plaintiffs' claims. In their response to the OSC, Plaintiffs shall also clarify whether they have any basis for bringing a negligence claim other than Wells Fargo's alleged failure to contact them before recording the notice of default. The Court will determine whether it will provide Plaintiffs with leave to amend upon consideration of their response to the OSC.

**IT IS SO ORDERED.**

Dated: July 6, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE